IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PAUL LAWRENCE REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-666-MHT-SRW |
| ) | |
| GENEVA COUNTY JAIL, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' SPECIAL REPORT

COME NOW Greg Ward, Sheriff of Geneva County, Alabama, Carl Rowe, Donald Weeks, Amber Paul, and Mark Jackson, Defendants in the above-styled cause, and submit their Special Report to the Court.

### INTRODUCTION

Plaintiff Paul Lawrence Reynolds filed a Complaint against the Geneva County Jail, Greg Ward, Carl Rowe, Donald Weeks, and Amber Paul on July 20, 2005. (See Plaintiff's Complaint filed July 20, 2005). On August 12, 2005, the filed another Complaint against Greg Ward, Donald Weeks, Carl Rowe and Mark Jackson.[1] (See Plaintiff's Complaint, filed on August 1, 2005, under case number 1:05-cv-708-MHT-SRW). On August 2, 2005, Magistrate Judge Susan Russ Walker entered an Order that the Geneva County Jail be dismissed with prejudice. (See Report and Recommendation dated August 2, 2005, from Civil Action No. 1:05-cv-666-MHT-SRW) Also on August 2, 2005, an Order for Defendants to file a Special Report and Answer was entered in Civil Action No. 1:05-cv-666-MHT-SRW. (See Order for Special Report, dated

---

[1] The Plaintiff failed to disclose his previously filed lawsuit on the first page, where indicated, in his Complaint, dated August 1, 2005. (Question: "Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?" Answer: "No." Question: "Have you begun other lawsuits in state or federal court relating to your imprisonment? Answer: "No.") (See Plaintiff's Complaint, filed August 1, 2005, Civil Action No. 1:05-cv-708-MHT-SRW).

August 2, 2005, Civil Action No. 1:05-cv-666-MHT-SRW). On August 12, 2005, District Judge Myron Thompson entered an Order in Civil Action No. 1:05-666-MHT-SRW, adopting the Report and Recommendation to dismiss the Geneva County Jail. (Order Adopting Report and Recommendation, dated August 12, 2005; Civil Action No. 1:05-cv-666-MHT-SRW). On September 9, 2005, a Motion for Extension of Time was filed by the Defendants in both cases. On September 15, 2005, both Motions for Extension of Time were granted, making the Special Reports and Answers due on October 24, 2005. On October 20, 2005, Defendants filed a Motion to Consolidate the cases before the Court. On October 24, 2005, Judge Susan Russ Walker, entered an Order granting Defendants' Motion to Consolidate and thereby consolidated case number 1:05-cv-708 with 1:05-cv-666, making the later the lead case to be used for reference and filing. By a separate Order dated October 24, 2005, this Court granted Defendants an extension of time to file the Special Report and Answer up to and including November 14, 2005.

Plaintiff Paul Lawrence Reynolds was arrested on March 16, 2005 for Possession of Marijuana in the first degree. (Exhibit A, Booking Sheet dated March 16, 2005; Exhibit B, Motion to Revoke Bond dated June 21, 2005.) He was released on bond on March 30, 2005. (Exhibit A.) On June 20, 2005, while out on bond, Plaintiff, was arrested for Harassment, Menacing, Escape in the Third Degree, Theft of Property in the Third Degree, and Resisting Arrest. (Exhibit B.) Thereafter, the Plaintiff was held without bond. (Exhibit B.) Plaintiff was a pre-trial detainee at the time of the allegations made the basis of his Complaint.

### PLAINTIFF'S ALLEGATIONS

Plaintiff's alleges that he hurt his back after falling in the bathroom of the Jail because a toilet overflowed. (Plaintiff's Complaint, Civil Action No. 1:05-cv-708-MHT-SRW, pp. 3 and 5.) Plaintiff further alleges that Defendants knew that the toilet had been overflowing for "a long

time." (Plaintiff's Complaint, Civil Action No. 1:05-cv-708-MHT-SRW, p. 3.) Plaintiff alleges Defendants will not take him to the doctor for his back which was hurt when he allegedly fell in the bathroom of the Jail. (Plaintiff's Complaint, Civil Action No. 1:05-cv-666-MHT-SRW pp. 2-3.). (Plaintiff's Complaint, Civil Action No. 1:05-cv-708-MHT-SRW, pp. 3 and 5.) Plaintiff seeks all medical expenses, filing fees, reasonable expenses, plus $20,000.00 for physical and mental anguish. (Plaintiff's Complaint, Civil Action No. 1:05-cv-708-MHT-SRW, p. 4; Plaintiff's Complaint, Civil Action No. 1:05-cv-666-MHT-SRW.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to meet the requirements of the Prison Litigation Reform Act and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

**I.    FACTS**

**A.    Medical Policy and Procedure**

The Geneva County, Alabama Sheriff's Department operates the Geneva County Jail pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates. (Exhibit C, Affidavit of Greg Ward, "Ward aff." ¶ 5; Exhibit D, Affidavit of Carl Rowe, "Rowe aff." ¶ 4).

It is the policy of the Geneva County, Alabama Sheriff's Department that all inmates confined in the Geneva County Jail be entitled to a level of health care comparable to that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Geneva County Jail is delivered under the direction of a licensed health care practitioner. It is departmental policy that no member of the jail staff, or any other Sheriff's Department employee, may ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner. (Ward aff. ¶ 6; Rowe aff. ¶ 5).

It is the policy of the Geneva County Sheriff's Department that all inmates incarcerated in the Geneva County Jail be allowed to request health care services at any time. Requests of an emergency nature may be made either verbally or in writing, but all requests for non-emergency care from state or county inmates must be submitted in writing. Members of the jail staff are charged with the responsibility of accepting requests for medical treatment from inmates and taking appropriate action to see that those requests are dealt with in a prompt and appropriate manner. Inmates with non-emergency medical problems are taken to see Dr. O.D. Mitchum in Geneva, Alabama. Inmates who have an emergency medical problem are taken to the Emergency Room for treatment. (Ward aff, ¶ 7; Rowe aff. ¶ 6.)

When a member of the jail staff receives a request for medical treatment from an inmate, it is his or her responsibility to turn that request form over to the responsibility of the on duty jailer or matron. It is then the on duty jailer or matron's responsibility to make an appointment for the inmate with an appropriate health care provider. Any doubt as to whether an actual need exists for medical treatment is resolved in favor of the inmate, with medical services being

4

offered. All requests of an emergency nature are handled immediately. (Ward aff. ¶ 8; Rowe aff. ¶ 7). It is the policy of the Geneva County Sheriff's Department that persons incarcerated in the Geneva County Jail be entitled to safe and accurate dispensation and administration of prescription and nonprescription medication. All medication prescribed for an inmate by a health care provider during the time of an inmate's incarceration is obtained by the Sheriff's Department and distributed according to the doctor's directions. (Ward aff. ¶ 9; Rowe aff. ¶ 8.) If the Plaintiff had been in need of medical care or treatment, he would have received treatment in accordance with the policy and procedures of the Geneva County Jail. (Ward aff. ¶ 10; Rowe aff. ¶ 9.)

    **B.**    **Facts Regarding the Incident Alleged in Plaintiff's Complaint**

The Geneva County Jail is subject to routine maintenance and repairs on a regular basis by the custodian. However, oftentimes inmates will purposefully overflow the toilets by stopping the toilet up with objects such as razors or even a toilet brush and then repeatedly flushing the toilet. In such case, jail staff members will ensure that the toilets are fixed as soon as possible. (Ward aff. ¶ 11; Rowe aff. ¶ 11).

None of the Defendants were aware that Plaintiff fell while coming out of the shower. (Ward aff. ¶ 12; Rowe aff. ¶ 12; Exhibit E, Affidavit of Donald Weeks, "Weeks aff." ¶ 4; Exhibit F, Affidavit of Amber Paul, "Paul aff." ¶ 6; Exhibit G, Affidavit of Mark Jackson, "Jackson aff." ¶ 4.) Further, on the date and time that Plaintiff alleges he fell, neither Amber Paul nor Mark Jackson were on duty. (Exhibit H, Radio Dispatch Log dated July 11, 2005.) The Jail Administrator and the jailers witnessed the Plaintiff jumping around without any difficulty after the date and time when he allegedly fell. (Rowe aff. ¶ 13; Weeks aff. ¶ 5; Paul aff. ¶ 7; Jackson aff. ¶ 5.) Amber Paul is responsible for the female inmates and their needs. She does not work

5

with the male inmates except to feed them or answer a knock if the Jailers on duty are too busy. (Paul aff. ¶ 4.) Amber Paul does not go in the men's toilet area. (Paul aff. ¶ 5.)

None of the Defendants noticed that Plaintiff had anything wrong with him, and Plaintiff made no complaints to any of the Defendants regarding his back. (Ward aff. ¶ 13; Rowe aff. ¶ 13; Weeks aff. ¶ 5; Paul aff. ¶ 7; Jackson aff. ¶ 5.) None of the Defendants have any knowledge concerning the specific allegations that make up the basis of Plaintiff's Complaints. (Ward aff. ¶ 3; Rowe aff. ¶ 3 Weeks aff. ¶ 3; Paul aff. ¶ 3; Jackson aff. ¶ 3.)

    **C.**    **Plaintiff's Noncompliance with Grievance Procedures**

Internal grievance procedures at the Geneva County Jail are available to all inmates. It is the policy of the Geneva County Jail that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly. Inmates are given an inmate grievance form upon their request to complete and return to a detention center staff member for any grievance they may have. It is further the policy and procedure of the Geneva County Jail to place each such grievance in the inmate's file for a record of the same. (Rowe aff. ¶ 14.)

Upon the Jail Administrator's review of the Plaintiff's inmate file, there is no grievance filed by Plaintiff concerning the allegations made the basis of Plaintiff's Complaint. Had the Jail Administrator received such a grievance, he would have followed procedures and responded to the grievance accordingly, and a copy of the same would have been placed in the Plaintiff's inmate file. (Rowe aff. ¶¶ 10 and 15.)

6

**II.     Law**

    **A.     All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C.A. § 1983.**

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacity claim must fail because 42 U.S.C.A. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C.A. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Any claim against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against them in their official capacity fail to state a claim upon which relief can be granted. Id.; Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 n.3 (11th Cir. 1990).

**B.     Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

**1.     Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Geneva County Jail.  Plaintiff has not filed a grievance in regards to the allegations made the basis of his Complaint.  Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60.  The Sheriff of Geneva County, as are his alter egos, is a state officer and therefore would be entitled to sovereign immunity.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).

      **2.**    **Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury that is greater than de minimus as a result of the allegations in his Complaint.**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .  In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).  There is no record that Plaintiff suffered any physical injury that is greater than de minimus as a result of any alleged constitutional violation.  Because Plaintiff has not made a showing of physical injury that is greater than de minimis, his complaint is due to be dismissed.

      **C.**    **Alternatively, Defendants are entitled to summary judgment based on qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as jail officials of Geneva County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their duties.  See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004).  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the

degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent

10

officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### a. Defendants are entitled to qualified immunity on Plaintiff's medical claims.

In order to prevail under 42 U.S.C. § 1983 on his medical claim, Plaintiff must demonstrate that Defendants were deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

In the instant case, the evidence shows that Plaintiff did not suffer from a serious medical need. Further, Defendants were not aware that Plaintiff had fallen or that he was hurt. In fact, the Jail Administrator and jailers witnessed Plaintiff jumping around without any problem after the fall allegedly occurred. The Defendants cannot be expected to secure medical care for a need of which they are not aware. Clearly, Plaintiff has not shown that Defendants were in any way deliberately indifferent to any serious medical need of the Plaintiff. Based on the foregoing, it is

clear that Defendants have not violated Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided Defendants with fair warning that their conduct was unlawful. Therefore, Defendants are entitled to qualified immunity.

        **b.**        **Defendants are entitled to qualified immunity on Plaintiff's Conditions of Confinement Claim.**

In order to establish a conditions of confinement claim Plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element). Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. Wilson v. Seiter, 502 U.S. at 290.

In terms of the subjective component, "[t]o be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d at 1535. "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The Court equates the level of culpable intent

12

required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 1979-80. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives. LaMarca, 995 F.2d at 1536. In addition, Plaintiff must also show that Defendants had some personal involvement in the alleged deprivation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Plaintiff cannot show that Defendants have been deliberately indifferent to conditions at the Geneva County Jail. Deliberate indifference to an inmate's health or safety can only be shown if the defendants know that the inmate faces a substantial risk of serious harm and disregard the risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any of his allegations constituted cruel and unusual punishment. In this case, none of the conditions of which Plaintiff complains constitutes an excessive risk to Plaintiff's health or safety. Plaintiff has not shown how he has been injured as a result of any of his allegations. Further, Plaintiff never filed a grievance concerning his allegations, and there is no other evidence showing that the Defendants knew of or disregarded any alleged risk. It is clear from the evidence that Defendants acted according to established lawful policies and procedures with regard to Plaintiff. When inmates did cause the toilets to overflow, the jail administrator and jailers acted to remedy the situation as soon as possible. Based on the foregoing, it is clear that Defendants have not violated Plaintiff's constitutional rights with respect to his conditions of confinement claim. Further, Plaintiff cannot show that clearly established law provided Defendants with fair warning

that their conduct was unlawful. Therefore, Defendants are entitled to qualified immunity on Plaintiff's conditions of confinement claim.

    **D**    **Plaintiff has failed to allege personal involvement as required by 42 U.S.C. §1983.**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. <u>Swint v. City of Wadley</u>, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).

    **1.**    **All of Plaintiff's claims against Sheriff Greg Ward and Jail Administrator Carl Rowe must fail because they had no personal involvement in the alleged constitutional violation.**

The Plaintiff has failed to allege that Sheriff Greg Ward and Jail Administrator Carl Rowe were in any way personally involved in any alleged violation of Plaintiff's constitutional rights concerning any of the conditions of his confinement. Plaintiff has offered no allegation demonstrating that these Defendants were in any way involved in the actions he claims were constitutionally infirm. There are absolutely no facts – in fact, the Complaint is completely devoid of any claim against these Defendants -- to show that these Defendants personally participated in the claims made the basis of the Plaintiff's Complaint, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights. Further, these Defendants deny any knowledge concerning the specific allegations that make up the basis of Plaintiff's Complaint. As such, Plaintiff's claims are due to be dismissed against these Defendants.

To the extent that Plaintiff's claim against Sheriff Greg Ward and Jail Administrator Carl Rowe is an attempt to hold them liable under a *respondeat superior* theory, his claims must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996). There are absolutely no facts that show a causal connection between any action of Sheriff Greg Ward and Jail Administrator Carl Rowe and the alleged constitutional violation. Therefore, Plaintiff's claims against Sheriff Greg Ward and Jail Administrator Carl Rowe are due to be dismissed.

   **2.   All claims against Donald Weeks, Amber Paul, and Mark Jackson must fail because they had no personal involvement in the alleged constitutional violation.**

The Plaintiff has failed to allege that Donald Weeks, Amber Paul, and Mark Jackson were in any way personally involved in any alleged violation of Plaintiff's constitutional rights concerning any of the conditions of his confinement. Plaintiff has offered no allegation demonstrating that these Defendants were in any way involved in the actions he claims were constitutionally infirm. Further, neither Amber Paul nor Mark Jackson were on duty on the date and time when Plaintiff alleged he fell in the bathroom. There are absolutely no facts – in fact, the Complaint is completely devoid of any claim against these Defendants-- to show that these Defendants personally participated in the claims made the basis of the Plaintiff's Complaint, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights. Further, these Defendants deny any knowledge concerning the specific allegations that make up the

basis of Plaintiff's Complaint. As such, Plaintiff's claims are due to be dismissed against these Defendants.

### E. Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[2] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### CONCLUSION

Defendants deny each and every allegation made by Plaintiff Paul Lawrence Reynolds in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

---

[2] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 14th day of November, 2005.

                                      **s/C. Richard Hill, Jr.**
                                      C. RICHARD HILL, JR. Bar No. HIL045
                                      Attorney for Defendants
                                      WEBB & ELEY, P.C.
                                      7475 Halcyon Pointe Drive (36117)
                                      Post Office Box 240909
                                      Montgomery, Alabama  36124
                                      Telephone:  (334) 262-1850
                                      Fax:  (334) 262-1889
                                      E-mail:  rhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of November, 2005, I have served the foregoing document on the following:

                              Paul Lawrence Reynolds
                              Geneva County Jail
                              P.O. Box 115
                              Geneva, AL 36340

by placing a true and correct copy of the foregoing in the U.S. Mail, postage prepaid, on this the 14th day of November, 2005.

                                      **s/C. Richard Hill, Jr.**
                                      OF COUNSEL