IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL LAWRENCE REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-CV-666-MHT |
| | ) | [WO] |
| | ) | |
| GREG WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PAUL LAWRENCE REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-CV-708-MHT |
| | ) | [WO] |
| | ) | |
| GREG WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Paul Lawrence Reynolds ["Reynolds"], a county inmate, challenges actions taken against him during his confinement in the Geneva County Jail. The plaintiff seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, the defendants filed a written report and supporting evidentiary materials addressing the plaintiff's claims for relief. In these reports, the defendants assert that this case is due to be dismissed because Reynolds has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42

U.S.C. § 1997e(a). Specifically, the defendants maintain and the undisputed evidentiary materials demonstrate that with respect to the claims presented in the instant complaint Reynolds has failed to pursue the administrative remedies available to him in the Geneva County Jail via the jail's inmate grievance procedure. *Defendant's Special Report* at 6.[1] In accordance with the order entered herein on December 6, 2005, the court deems it appropriate to treat the defendants' special report as a motion for summary judgment. *See Court Doc. No. 18*.

This case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as the plaintiff has failed to exhaust an available administrative remedy.

## DISCUSSION

Reynolds alleges that the defendants violated his constitutional rights during his confinement in the Geneva County Jail. In response to the claims presented in the complaint, the defendants argue that this case should be dismissed because the plaintiff has failed to exhaust his administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

---

[1] The defendants filed copies of the plaintiff's jail records and these records fail to contain any grievances filed by the plaintiff with respect to the actions about which he complains.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The record in this case establishes that the Geneva County Jail provides a grievance procedure for inmate complaints. The undisputed evidentiary materials submitted by the defendants demonstrate that Reynolds failed to file an inmate grievance challenging the actions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted to the extent that the defendants seek dismissal of this case for plaintiff's failure to exhaust an available administrative remedy.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.[2]

It is further

ORDERED that on or before January 23, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[2] The parties are advised that this Recommendation does not in any way address the merits of the plaintiff's claims for relief.  Consequently, this dismissal has no impact on the plaintiff's ability to pursue his claims in this court upon his exhaustion of all available administrative remedies or at the time he no longer has an administrative remedy available to him.

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE